EX PARTE MORALES, peticionario.— Junio 6, 1933.

(Por la Corte, a propuesta del Juez Presidente Sr. del Toro.)

POR CUANTO, si bien la certificación acompañada por el peticionario a su solicitud de mayo 31, 1933, revela que ha registrado su comparecencia como uno de los abogados de récord en varios casos tramitados en la Corte de Distrito de los Estados Unidos para Puerto Rico, no demuestra satisfactoriamente que hubiera estado ocupado activamente en el ejercicio de la abogacía durante dos años o más, incluyendo por lo menos un año de ejercicio en la Corte de Distrito de los Estados Unidos para Puerto Rico;

POR TANTO, vistos la sección 4 de la Ley No. 17 de 1925, sobre la materia, tal como sigue rigiendo en la actualidad, y lo resuelto por esta Corte en *Ex parte Ramón Díaz Collazo* el 9 de mayo de 1914, no ha lugar a admitir al peticionario al ejercicio de la abogacía sin examen.

No. 2.—AGUADILLA LIGHTER & STORAGE Co., dmdte., *v.* EL SUPERINTENDENTE DE SEGUROS DE PUERTO RICO, AUGUSTO R. SOLTERO, dmdo.— Junio 15, 1933.

Examinadas las alegaciones y el expediente en este caso, por los motivos consignados en la opinión emitida en el de *The Mayagüez Dock & Shipping Company* v. *El Superintendente de Seguros de Puerto Rico, Augusto R. Soltero,* en el día de hoy, el asunto se devuelve al Superintendente de Seguros para que lo abra de nuevo a investigación y lo resuelva de acuerdo con los hechos y las circunstancias que concurran y habiendo en consideración lo expuesto por esta corte en su indicada opinión.

No. 5657. CORDERO, aplte., *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, aplda.—C. D. San Juan. Julio 11, 1933.

Por los motivos consignados en la opinión emitida con esta misma fecha en el caso No. 5658, *Isidoro Pagán González et al.* v. *Comisión Industrial* (pág. 320), se confirma la sentencia apelada que dictó la Corte de Distrito de San Juan en el caso de epígrafe con fecha 6 de marzo, 1931.